UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MODERN AMERICAN RECYCLING SERVICE, INC.,** | CIVIL ACTION NO.: 2:19-cv-9301 |
| Plaintiff, | SECTION "B" |
| v. | |
| **EPIC APPLIED TECHNOLOGIES, LLC, et al.,** | DIVISION "3" |
| Defendants. | IN ADMIRALTY |

**ANSWER AND COUNTERCLAIM OF EPIC APPLIED TECHNOLOGIES, LLC; EPIC COMPANIES, LLC; AND NAVARRO CAPITAL PARTNERS, LLC.**

Epic Applied Technologies, LLC ("Epic Applied"); Epic Companies, LLC ("Epic Companies"); and Navarro Capital Partners, LLC ("Navarro," and, together with Epic Applied and Epic Companies, the "Epic Defendants") answer Plaintiff Modern American Recycling Service, Inc.'s ("MARS") Complaint (Doc. 1) as set forth below. In addition, the Epic Applied and Navarro assert the counterclaims as set forth below.

## ANSWER

1. The Epic Defendants admit that MARS owes Epic Applied and Navarro money arising out of scrap processed and purchased by MARS. The Central Boat claim is moot and resolved. Any claim belonging to Ranger was purchased by Navarro under the Asset Purchase Agreement by which Navarro purchased certain assets of Ranger. The Epic Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

## PARTIES

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

## JURISDICTION & VENUE

8. Admitted.

9. Admitted.

10. The Epic Defendants do not contest venue for this interpleader action. However, MARS owes Epic Applied amounts in excess of the funds MARS proposes to interplead, and Epic Applied asserts a counterclaim for those funds as set forth below. Those funds are owed to Epic Applied under a Master Services Agreement. That Master Services Agreement contains an exclusive venue provision that requires the dispute between MARS and Epic Applied to be brought in the United States District Court or State Court in Houston, Texas. Therefore, to the extent Epic Applied's counterclaim is not satisfied by the funds to be interpleaded, Epic Applied will move to transfer its counterclaim against MARS to the United States District Court for the Southern District of Texas under 28 U.S.C. § 1404(a). Epic Applied specifically preserves and does not waive the exclusive venue provision of the Master Services Agreement.

11. Admitted.

12. The Epic Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. Moreover, as Central Boat does not claim an interest in the disputed funds, this paragraph is irrelevant.

13. Admitted as to the Epic Defendants.

## FACTUAL BACKGROUND

14. The Epic Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

15. The Epic Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

16. Admitted.

17. The Epic Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. However, as Ranger has no claim to the Disputed Funds, this paragraph is irrelevant.

18. Admitted.

19. Admitted.

20. The Epic Defendants admit that Navarro acquired the principal assets of Ranger through an asset purchase through an Asset Purchase Agreement with an effective date of August 8, 2018. The Epic Defendants deny the remaining allegations of this paragraph.

21. The Epic Defendants admit that MARS performed work for Epic Applied and Ranger during 2018 and that this work included configuring materials barges, breaking down materials barges, and scrapping offshore assets for recycling. The Epic Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

22. The Epic Defendants admit that Epic Applied and Ranger instructed MARS regarding the previously-described work. The Epic Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

23. The Epic Defendants admit that MARS issued invoices and purchase tickets. The Epic Defendants admit that Epic Companies sent a demand letter to MARS on or about January 28, 2019. The Epic Defendants admit that Epic Applied filed a Verified Complaint and Request for Maritime Attachment naming MARS as the Defendant in an action styled *Epic Applied Technologies, Inc. v. Modern American Recycling Services, Inc.*, given case No. 3:19-cv-00285-BJD-JBT and filed in the Middle District of Florida, Jacksonville division. That lawsuit is now dismissed. The Epic Defendants admit that MARS was named a garnishee in the lawsuit styled *Central Boat Rentals, Inc. v. Ranger Offshore, Inc., et al.*, given case No. 2:19-cv-00173-RDP and filed in the United States District Court for the Northern District of Alabama, Southern Division. This lawsuit has also been dismissed. The Epic Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

24. The Epic Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

25. The Epic Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

26. The Epic Defendants admit that the letter referenced in this paragraph was sent on or about January 28, 2019. That letter speaks for itself, and the Epic Defendants deny MARS's characterization of that letter or any supposed need for documents supporting the demand. The Epic Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

27. The Epic Defendants admit that MARS was requested to purchase the SAVANNAH RIVER and JOE G for MARS to convert to scrap. The Epic Defendants lack

knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

28. The Epic Defendants are unclear as to which specific letter is referenced in this paragraph that was allegedly sent on or about January 26, 2019 and therefore the Epic Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. To the extent that a response is necessary, that letter speaks for itself, and the Epic Defendants deny MARS's characterization of that letter.

29. Admitted, though that lawsuit is now dismissed.

30. The Epic Defendants admit that Epic Applied filed the Epic Applied Rule B Attachment relating to LA PRINCESA and claiming the $1,078,012 MARS owes to Epic Applied. The complaint and supporting documents in that matter speak for themselves, and the Epic Defendants deny MARS's characterization of them. The Epic Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

31. The Epic Defendants admit that the spreadsheet mentioned in this paragraph was attached to the referenced complaint. That complaint and its attachment speak for themselves and the Epic Defendants deny MARS's characterization of them. The Epic Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

32. The Epic Defendants admit that MARS has perceived competing demands for funds and do not dispute that the legal requirements for interpleader are satisfied as to the Disputed Funds.

33. The Epic Defendants admit that the action described in this paragraph was filed. But it has been dismissed with prejudice and Central Boats no longer asserts any claim to the funds

at issue. The Epic Defendants deny that MARS was required to file an answer in the action described in this paragraph.

## INTERPLEADER REQUIREMENTS

34. The Epic Defendants admit that Epic Applied and Navarro currently claim entitlement to the Disputed Funds. The Epic Defendants deny that any person or entity besides Epic Applied and Navarro are entitled to the Disputed Funds.

35. The Epic Defendants admit that MARS owes Epic Applied and Navarro at least $632,608.90, but they deny that this amount is the limit of MARS's liability to Epic Applied and Navarro.

36. The Epic Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. The Epic Defendants aver that Epic Applied and Navarro are entitled to all of the Disputed Funds as Central Boats has disclaimed any interest in the Disputed Funds and Navarro has acquired any right to payment from Ranger under the Asset Purchase Agreement by which Navarro acquired certain assets of Ranger.

37. The Epic Defendants admit that MARS has no interest as a claimant but denies that Court involvement is necessary to resolve the issue of entitlement to the Disputed Funds.

38. This paragraph is addressed to the Court and does not require a response from the Epic Defendants. To the extent a response is required, the Epic Defendants deny that MARS can request a release as it to its liability for the Disputed Funds without paying those funds at least into the registry of the Court. As MARS claims no interest in the Disputed Funds and MARS has affirmatively requested a release, MARS must immediately deposit the funds into the registry of the Court or else pay them to Epic Applied and Navarro, the only proper claimants to the Disputed Funds. .

In response to MARS's "WHEREFORE" paragraph and prayer for relief, the Epic Defendants deny that any injunction is appropriate as no other matter regarding the Disputed Funds is pending. The Epic Defendants further deny MARS is entitled to an award of its attorneys' fees or costs. The Epic Defendants deny that MARS is entitled to any discharge of liability as to the Disputed Funds or (any other funds) unless and until MARS pays such funds and all other amounts due and owing to the Epic Defendants. The Epic Defendants deny that MARS's payment of the Disputed Funds can discharge or otherwise avoid MARS's obligation to pay interest, including prejudgment interest, on the amounts it admits are owed to Epic Applied and Navarro. The Epic Defendants further deny that MARS's payment of the Disputed Funds can discharge or otherwise avoid MARS's obligation the attorneys' fees owed to Epic Applied under the Master Services Agreement.

## **RESERVATION OF AFFIRMATIVE DEFENSES**

MARS asserts no claims for relief against the Epic Defendants. Accordingly, and without assuming the burden of proof on any issue where it would by law rest on another party, the Epic Defendants specifically reserve and do not waive any and all affirmative defenses. The Epic Defendants deny that MARS is entitled to a discharge and specifically aver that the Disputed Funds as identified in MARS's complaint are inadequate to satisfy MARS's debts and obligations to the Epic Defendants. The Epic Defendants reserve all rights to assert any appropriate affirmative defense if a substantive claim for relief is asserted.

MARS's liability to Epic Applied exceeds the amount of the Disputed Funds. That liability arises under a Master Services Agreement that vests exclusive venue in the state or federal courts in Houston, Texas. Once the interpleader is completed, if Epic Applied counterclaim has not been satisfied in full, the counterclaim should be severed and transferred to the United States District

Court for the Southern District of Texas under 28 U.S.C. § 1404(a). Epic Applied specifically preserves and does not waive the exclusive venue provision of the Master Services Agreement.

## COUNTERCLAIM

1. Jurisdiction is proper in this Court for the reasons stated in Paragraphs 2–5, 8–11, and 13 of MARS's complaint. Venue for the interpleader is proper in this Court, but venue for Epic Applied's counterclaim is proper only in the state or federal courts located in Houston, Texas. Once the interpleader is completed, if Epic Applied counterclaim has not been satisfied in full, the counterclaim should be severed and transferred to the United States District Court for the Southern District of Texas under 28 U.S.C. § 1404(a). Epic Applied specifically preserves and does not waive the exclusive venue provision of the Master Services Agreement.

2. In addition, MARS is subject to general personal jurisdiction in Louisiana.

## COUNT I

3. The Epic Defendants incorporate paragraphs 1-2 of their Counterclaim into this Count by reference.

4. MARS has breached the Master Services Agreement as amended June 11, 2018 by failing to pay Epic Applied the full amounts required under Section 7.2 of that agreement.

5. Epic Applied has performed its obligations under the Master Services Agreement.

6. The current balance MARS owes to Epic Applied is at least $1,078,012 for scrap proceeds related to materials sent to MARS whether by either Epic Applied or Ranger.

7. Epic Applied is entitled to and prays for judgment in the amount of the principal balance of at least $1,078,012 plus interest, including prejudgment interest, at the maximum rate permissible by law.

8.   Epic Applied is also entitled to and requests its attorneys' fees under Section 23.2 of the Master Service Agreement.

## COUNT II

9.   The Epic Defendants incorporate paragraphs 1-2 of their Counterclaim into this Count by reference.

10.  Navarro acquired the assets of Ranger Offshore, Inc. effective August 8, 2018. As part of that transaction, Navarro acquired accounts payable to Ranger from MARS.

11.  MARS has not paid the amounts due, and those amounts remain due and payable.

12.  Navarro is entitled to and prays for judgment against MARS in the principal amount not less than $38,801 plus interest, including prejudgment interest, at the maximum rate permissible by law.

Respectfully submitted this 13th day of May, 2019.

LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD

*/s/ Benjamin W. Kadden*
BENJAMIN W. KADDEN, La. Bar #29927
MEREDITH S. GRABILL, La. Bar #35484
JAMES W. THURMAN, La. Bar #38494
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
Email: bkadden@lawla.com; mgrabill@lawla.com; jthurman@lawla.com

*Attorneys for Epic Applied Technologies, LLC, Epic Companies, LLC, and Navarro Capital Partners, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Gavin H. Guillot
Aaron B. Greenbaum
Elizabeth B. McIntosh
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Gavin.Guillot@pjgglaw.com
Aaron.Greenbaum@pjgglaw.com
Elizabeth.McIntosh@pjgglaw.com

*/s/ Benjamin W. Kadden*