UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MODERN AMERICAN RECYCLING SERVICE, INC., | * * * * | |
| | * | CIV. ACTION NO. 19-CV-09301 |
| Plaintiff, | * * | |
| VERSUS | * * | SECTION "B" |
| EPIC APPLIED TECHNOLOGIES, LLC, EPIC COMPANIES, LLC, NAVARRO CAPITAL PARTNERS, LLC, RANGER OFFSHORE, INC. AND CENTRAL BOAT RENTALS, LLC, | * * * * * * | DIVISION "3" |
| Defendants. | * * | |

**ANSWER OF RANGER OFFSHORE, INC.**

Ranger Offshore, Inc. ("Ranger") answers Plaintiff Modern American Recycling Service, Inc.'s ("MARS") Complaint (Doc. 1) as set forth below. Any allegations in the Complaint that are not specifically admitted are denied.

**ANSWER**

1. Ranger admits the allegations contained in paragraph 1 of the Complaint that MARS owes money arising out of scrap processed and purchased by MARS, but upon information and belief, understands that the Central Boat claim is moot and resolved. Any claim belonging to Ranger is subject to the terms and conditions of an Asset Purchase Agreement with an effective date of August 8, 2018 ("Asset Purchase Agreement") with Navarro Capital Partners, LLC ("Navarro") by which Navarro purchased certain assets of Ranger, including "all accounts receivable,

prepaid items, and all other current assets" of Ranger as of the effective date of the Agreement, which, based on the allegations contained in the Complaint, includes the amounts that Ranger may have been entitled to from MARS at issue in this interpleader complaint. Ranger lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

## PARTIES

2. Ranger admits the allegations contained in paragraph 2 of the Complaint.

3. Ranger admits the allegations contained in paragraph 3 of the Complaint.

4. Ranger admits the allegations contained in paragraph 4 of the Complaint.

5. Ranger admits the allegations contained in paragraph 5 of the Complaint.

6. Ranger admits the allegations contained in paragraph 6 of the Complaint.

7. Ranger admits the allegations contained in paragraph 7 of the Complaint.

## JURISDICTION & VENUE

8. Ranger admits the allegations contained in paragraph 8 of the Complaint.

9. Ranger admits the allegations contained in paragraph 9 of the Complaint.

10. The allegations contained in paragraph 10 of the Complaint are legal conclusions as to which no responsive pleadings are required.

11. The allegations contained in paragraph 11 of the Complaint are legal conclusions as to which no responsive pleadings are required.

12. Ranger lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 12 of the Complaint.

13. Ranger admits the allegations contained in paragraph 13 of the Complaint as to Ranger, but lacks knowledge or information sufficient to form a belief about the

truth of the remaining allegations in this paragraph.

## FACTUAL BACKGROUND

14. Ranger lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14 of the Complaint.

15. Ranger lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15 of the Complaint.

16. Ranger admits the allegations contained in paragraph 16 of the Complaint.

17. Ranger admits the allegations contained in paragraph 17 of the Complaint.

18. Ranger lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18 of the Complaint.

19. Ranger lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19 of the Complaint.

20. Ranger admits the allegations contained in paragraph 20 of the Complaint that Navarro acquired certain assets of Ranger through an Asset Purchase Agreement with an effective date of August 8, 2018. Ranger denies the remaining allegations of this paragraph.

21. Ranger admits the allegations contained in paragraph 21 of the Complaint that MARS performed work for Epic Applied Technologies, LLC ("Epic Applied") and Ranger during 2018 and that this work included configuring materials barges, breaking down materials barges, and scrapping offshore assets for recycling. Ranger lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

22. Ranger admits the allegations contained in paragraph 22 of the Complaint that

Epic Applied and Ranger instructed MARS regarding the previously-described work. Ranger lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

23. With respect to the allegations contained in paragraph 23 of the Complaint, Ranger admits that: (a) MARS issued invoices and purchase tickets; (b) upon information and belief, Epic Companies, LLC sent a demand letter to MARS on or about January 28, 2019; (c) upon information and belief, Epic Applied filed a Verified Complaint and Request for Maritime Attachment naming MARS as the Defendant in an action styled *Epic Applied Technologies, Inc. v. Modern American Recycling Services, Inc.*, given case No. 3:19-cv-00285- BJD-JBT and filed in the Middle District of Florida, Jacksonville division although that lawsuit is now dismissed; and (d) MARS was named a garnishee in the lawsuit styled *Central Boat Rentals, Inc. v. Ranger Offshore, Inc., et al.*, given case No. 2:19-cv-00173-RDP and filed in the United States District Court for the Northern District of Alabama, Southern Division, although this lawsuit has also been dismissed. Ranger lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

24. Ranger lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 24 of the Complaint.

25. Ranger denies the allegations contained in paragraph 25 of the Complaint, except admits that MARS owes Ranger certain funds pursuant to previous agreements, but Ranger's rights to these funds are subject to the terms and conditions of an Asset Purchase Agreement with Navarro in which Navarro purchased certain

assets of Ranger, including "all accounts receivable, prepaid items, and all other current assets" of Ranger as of the effective date of the Agreement, which, based on the allegations contained in the Complaint, includes the amounts that Ranger may have otherwise been entitled to from MARS at issue in this interpleader complaint.

26. Ranger lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 26 of the Complaint.

27. Upon information and belief, Ranger admits the allegations contained in paragraph 27 of the Complaint that MARS was requested to purchase the SAVANNAH RIVER and JOE G for MARS to convert to scrap. Ranger lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

28. Ranger lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 28 of the Complaint.

29. The allegations contained in paragraph 29 of the Complaint are admitted, although, upon information and belief, that lawsuit is now dismissed.

30. Regarding the allegations contained in paragraph 30 of the Complaint, upon information and belief, Ranger admits that Epic Applied filed the Epic Applied Rule B Attachment relating to LA PRINCESA and claiming the $1,078,012 MARS owes to Epic Applied, and refers to the complaint and supporting documents as the best evidence of their content. Ranger lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

31. Regarding the allegations contained in paragraph 31 of the Complaint, Ranger admits that the spreadsheet mentioned in this paragraph was attached to the referenced complaint, and refers to that complaint and its attachment as the best evidence of their content. Ranger lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

32. Regarding the allegations contained in paragraph 32 of the Complaint, Ranger admits that MARS has perceived competing demands for funds and do not dispute that the legal requirements for interpleader are satisfied as to the disputed funds.

33. Regarding the allegations contained in paragraph 33 of the Complaint, Ranger admits that the action described in this paragraph was filed, but asserts that the action has been dismissed with prejudice and, upon information and belief, Central Boats no longer asserts any claim to the funds at issue. Ranger denies that MARS was required to file an answer in the action described in this paragraph.

## INTERPLEADER REQUIREMENTS

34. Regarding the allegations contained in paragraph 34 of the Complaint, Ranger admits that multiple defendants currently claim entitlement to the funds at issue in this interpleader. Ranger asserts that its claim to the funds at issue in this interpleader is subject to the terms and conditions of the Asset Purchase Agreement with Navarro in which Navarro purchased certain assets of Ranger, including "all accounts receivable, prepaid items, and all other current assets" of Ranger as of the effective date of the Agreement, which, based on the allegations contained in the Complaint, includes the amounts that Ranger may have otherwise been entitled to from MARS at issue in this interpleader complaint.

35. Regarding the allegations contained in paragraph 35 of the Complaint, Ranger admits that the funds initially placed at issue by this interpleader is approximately $632,608.90.

36. Ranger lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph 36 of the Complaint. Ranger asserts that any right it may have to the funds initially placed at issue by this interpleader is subject to the terms and conditions of the Asset Purchase Agreement with Navarro in which Navarro purchased certain assets of Ranger, including "all accounts receivable, prepaid items, and all other current assets" of Ranger as of the effective date of the Agreement, which, based on the allegations contained in the Complaint, includes the amounts that Ranger may have otherwise been entitled to from MARS at issue in this interpleader complaint.

37. Regarding the allegations contained in paragraph 37 of the Complaint, Ranger admits that MARS has no interest as a claimant and that MARS has requested that this Court determine to whom the funds initially placed at issue by this interpleader should be paid.

38. The allegations contained in paragraph 38 of the Complaint is addressed to the Court and does not require a response from Ranger. To the extent a response is required, Ranger denies that MARS can request a release as it to its liability for the funds it initially placed at issue by this interpleader without paying those funds at least into the registry of the Court. As MARS claims no interest in these funds and has affirmatively requested a release, MARS should immediately deposit the funds into the registry of the Court or else pay them to the proper claimants.

The allegations contained in MARS's "WHEREFORE" unnumbered paragraph after paragraph 38 of the Complaint is a prayer for relief as to which no response is required. To the extent that a response is required, Ranger denies that it should be required to take or be enjoined from any specific action or to be required to pay any amounts to MARS or any other party, including attorneys' fees and costs, as a result of being named as a party in this Complaint and specifically reserves any and all rights it has with respect to all matters as to any party in this suit unless expressly and unequivocally waived in writing.

### **RESERVATION OF AFFIRMATIVE DEFENSES**

MARS asserts no claims for relief against Ranger. Accordingly, and without assuming the burden of proof on any issue where it would by law rest on another party, Ranger specifically reserves and does not waive any and all affirmative defenses. Ranger reserves all rights to assert any appropriate affirmative defense if a substantive claim for relief is asserted.

Respectfully submitted,

*/s/ Thomas P. Owen, Jr.*
Thomas P. Owen, Jr., 28181
STANLEY, REUTER, ROSS,
  THORNTON & ALFORD, L.L.C.
909 Poydras Street, Suite 2500
New Orleans, LA 70112
Telephone:  (504) 523-1580
Facsimile:   (504) 524-0069

*Attorney for Defendant Ranger Offshore, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served upon all parties having appeared in this case via the Court's CM/ECF System, this 3rd day of June 2019.

*/s/ Thomas P. Owen, Jr.*